PER CURIAM.

(No. 74-CC-272—Claimant )

EVERETT L. VESTEL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 25, 1974.*

EVERETT L. VESTEL, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; HOWARD W. FELD-
MAN, Assistant Attorney General, for Respondent.

PER CURIAM.

This cause coming on to be heard on the Joint Stip-
ulation of the parties hereto and the Court being fully
advised in the premises;

THIS COURT FINDS that the purpose of this expendi-
ture by the Department of Children & Family Services
was for the payment of a retroactive pay increase which
was not paid because the notification to the Department
was not received until November 27, 1973. According to
the departmental report there was a retroactive pay
increase of $87 per month for employees classified as
Plasterers under the Illinois Personnel Code. Claimant
was so classified during the months of April, May and
June of 1973. Money was appropriated for this expense
in Section 2 of House Bill No. 4197, Approved July 7,
1972 in the amount of $2,623,700, Personal Services,
Regular Positions for the Illinois School for the Deaf
(001-2335-120). Of this appropriation, $29,509.01 was
returned to the State Treasury upon the lapsing of said
fund.

Express authority to pay retroactive pay increases,
pursuant to a collective bargaining agreement is found
in Ch. 127, Sec. 145, Ill.Rev.Stat., 1971, where the legis-
lature stated:

"Amounts paid from appropriations for personal service of any officer or

employee of the State, either temporary or regular, shall be considered as full payment for all services rendered between the dates as specified in the payroll or other voucher and no additional sums shall be paid to such officer or employee from any lump sum appropriation, appropriation for extra help or other purpose or any accumulated balances in specific appropriations, which payments would constitute in fact an additional payment for work already performed and for which remuneration had already been made, *except that wage payments made pursuant to the application of the prevailing rate principle or based upon an effective date of the collective bargaining agreement the state or state agency and an employee group shall not be construed as an additional payment for work already performed.*" (Emphasis Added)

In light of this Court's decisions in *City of Jacksonville* v. *State of Illinois*, (1946), 15 C.C.R. 62, and *Illinois-Iowa Power Company* v. *State of Illinois* (1942), 12 C.C.R. 308, and the legislative intent embodied in the Ch. 127, Sec. 145, Ill.Rev.Stat., 1971, it is our opinion that the claimant should be paid.

The sole reason that this claim was not paid is due to the fact that the Department of Children & Family Services did not receive notification of the pay increase until November 27, 1973, after the close of the appropriation period from which this debt would have been paid. This fact is stated in the departmental report of the Department of Children and Family Services, a copy of said report being attached to the Joint Stipulation of the parties.

It Is Hereby Ordered that the sum of $261 (Two Hundred Sixty-One Dollars) be awarded claimant in full satisfaction of any and all claims presented to the State of Illinois under the above-captioned cause.